## ALLEN v. ALLEN.

### No. 4744.

Court of Civil Appeals of Texas. Amarillo.

April 19, 1937.

Rehearing Denied May 31, 1937.

H. E. Hoover, of Canadian, and Walter R. Allen, of Perryton, for appellant.

Will Crow, of Canadian, for appellee.

JACKSON, Justice.

The appellee, Ruby Estelle Allen, instituted this suit in the district court of Ochiltree county, Tex., on November 18, 1935, against the appellant, Walter R. Allen, to recover title and possession of an undivided one-half interest in lot 4 in block 21 in the original town of Perryton, Ochiltree county, Tex. She alleged that this was community property and had constituted the homestead of herself and appellant, her former husband, who by false representations had induced her to join in conveying said property to C. R. Burrow, but that she received no consideration therefor.

The appellant answered by general demurrer, general denial, pleaded a settlement agreement with appellee at the time of their separation; that the community estate was insolvent; and that after the sale of the property, he acquired title thereto, but paid the consideration therefor out of his separate estate.

The issue of fraud pleaded by appellee and the agreement of settlement alleged by appellant were not submitted as fact issues to the jury by the court, and no request for the submission thereof was made, hence, the issue of fraud as a cause of action and the issue of settlement as a defense were abandoned by the respective parties.

In response to the only issue submitted, the jury found that the consideration mentioned in the deed from C. R. Burrow to Walter R. Allen, reconveying to him the property in controversy, was paid out of the community funds of appellant and appellee.

On this finding, judgment was rendered that appellee have and recover an undivided one-half interest in and to said property; that a partition in kind could not be made; directed that a sale be had, subject to the unpaid taxes against it, and the proceeds of the sale be divided equally between appellant and appellee.

The appellant challenges the sufficiency of the testimony to support the finding of

the jury or to warrant the judgment of the court.

The record discloses that appellant and appellee were married to each other on May 20, 1926; they lived together as husband and wife until May, 1932, and there were three children born to them during wedlock. On August 14, 1929, P. A. Pearson and his wife, I. E. Pearson, deeded to Walter R. Allen the lot in controversy for which the consideration was paid. On August 24th, thereafter, appellant and appellee executed and delivered to C. R. Burrow their note for the sum of $3,295, obligating themselves to pay $2,115 thereof on or before November 1, 1932, and $1,080 in thirty-six installments of $30 each, the first payable on November 1, 1929, and one payable on the first of each month thereafter until the notes were satisfied. These notes were given to obtain material to erect improvements on the lot in controversy, and contemporaneously with their execution, appellant and appellee gave a mechanic's and materialman's lien thereon to secure the payment of said notes. The improvements were completed, accepted, occupied, and used by Allen, his wife, and their children as their home until their separation. At that time, with the children and household furniture, she moved to Canyon and attended the West Texas State Teachers College for some months, but returned to this property in March, 1933. She remained there until in the fall when she began teaching school in Deaf Smith county, which position she held for two school years. While she was teaching, she placed the younger child with her mother at Amarillo, but the two older children were kept by a man and his wife in the home at Perryton, who were employed for that purpose. During that time, the appellant, with a son by a former marriage, resided with his mother at Perryton, and on September 21, 1932, he obtained a divorce from appellee, but no disposition was made in the decree of the community property. The record indicates that after their separation in May, 1932, both appellant and appellee contributed to the support and maintenance of their three children.

In a deed dated November 23d, the appellee joined appellant in conveying this property to C. R. Burrow for a recited consideration of "$10.00 to us in hand paid, and in satisfaction of all indebtedness owing by us to the said C. R. Burrow and the cancelation and satisfaction of the materialman's, mechanic's and builder's lien for improvements on the hereinafter described property." The property described is the premises in controversy. This deed was acknowledged by appellee on November 29th, by appellant on December 3, 1932, and filed for record on December 14th, thereafter.

Since appellee abandoned her contention that she was induced to execute this conveyance by the false representation of her husband, and no attack is made on the adequacy nor the accuracy of the consideration recited therein, and it contains no ambiguity, the deed shows that the title thereto was voluntarily conveyed by the appellee and her husband to C. R. Burrow to pay off their community debt, to secure which, he had a valid lien, which he by the deed released, hence, a valuable consideration passed to both appellant and appellee for the conveyance. There is no question but what this property at the time of the divorce decree belonged to the community estate, and after such decree, they were owners as tenants in common until their joint deed to C. R. Burrow, which divested both of them of their respective interest therein.

By deed dated December 5, 1932, C. R. Burrow reconveyed this property to Walter R. Allen for a recited consideration of "$2,000.00 and other good and valuable considerations to me paid by Walter R. Allen, the receipt of which is hereby acknowledged. The consideration of this conveyance being paid by said Walter R. Allen from his separate funds and estate, the premises hereby conveyed are conveyed to him as his separate property and estate." The deed was acknowledged on the day it was dated, and filed for record on December 14th, thereafter.

The appellant testified that at the time he obtained a divorce, the community estate of himself and appellee was of the value of $6,000; that the community indebtedness was approximately $12,000, and that said community estate was insolvent; that before he was married to appellee, his brother became indebted to him in the sum of several thousand dollars, which was his separate property; that on this indebtedness, his brother paid C. R. Burrow the $2,-000 cash recited in the deed reconveying the property to him; and that the "other good and valuable consideration" stipulat-

ed in the deed was settled by services he performed and agreed to perform for C. R. Burrow after the divorce decree.

■ The burden was on appellee to prove that the consideration or a part thereof was paid out of the community funds belonging to herself and husband.

■ Under the record, it is our opinion that the testimony was not sufficient to support the finding of the jury on the issue submitted.

The record indicates that the case was tried on a misconception of the law and was not fully developed. The judgment is, therefore, reversed and the cause remanded.